IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Civil Action No.  07-CV-00026 PB

SECURITIES AND EXCHANGE COMMISSION

*Plaintiff,*

v.

GARY M. WORKMAN

*Defendant.*

## ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF

The Securities and Exchange Commission having filed a Complaint, and Defendant Gary
M. Workman ("Workman" or "Defendant") having entered a general appearance; consented to
the Court's jurisdiction over him and the subject matter of this action; consented to entry of this
Order for Permanent Injunction and Other Relief ("Permanent Injunction") without admitting or
denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and
conclusions of law; and waived any right to appeal from a final judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Workman and
Workman's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Permanent Injunction by personal
service or otherwise are permanently restrained and enjoined from violating, directly or
indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15
U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Workman and Workman's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] by:

(a)     knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act; or

(b)     directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

(c)     directly or indirectly making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact, to an accountant in connection with any audit, review or

2

examination of the financial statements of an issuer or company, or the
preparation or filing of any document or report required to be filed with the
Commission; or

(d)     directly or indirectly taking any action to coerce, manipulate, mislead, or
fraudulently influence any independent public or certified public accountant
engaged in the performance of an audit or review of financial statements required
to be filed with the Commission where they knew or should have known that such
action, if successful, could result in rendering financial statements materially
misleading.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Workman
and Workman's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Permanent Injunction by personal
service or otherwise are permanently restrained and enjoined from aiding and abetting any
violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§
78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17
C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial
assistance to an issuer that:

(a)     fails to file with the Commission and as otherwise required any report, statement,
document, information, or copy required to be filed pursuant to Section 13(a) of
the Exchange Act or any of the rules, regulations or forms promulgated
thereunder, or fails to file such report, statement, document, information, or copy
when, in such form as, and with such information as required or prescribed

3

pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b)     files with the Commission or as otherwise required any report, statement, document, information or copy that: contains any untrue statement of a material fact; omits any material information; or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c)     fails, in addition to the information expressly required to be included in a statement or report, to add or include such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading;

(d)     fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(e)     fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at

4

reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Workman is liable for disgorgement of $165,241 (one hundred and sixty-five thousand, two hundred and forty-one dollars), representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $40,431 (forty thousand, four hundred and thirty-one dollars), and a civil penalty in the amount of $20,000 (twenty thousand dollars) pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Workman shall satisfy this obligation by paying $225,672 (two hundred and twenty-five thousand, six hundred and seventy-two dollars) within ten business days of the date of entry of this Permanent Injunction by the Clerk of this Court, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary M. Workman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Permanent Injunction. Workman shall simultaneously transmit photocopies of such payment and letter to Leslie J. Hughes, the Commission's counsel in this action. Workman shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

5

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Gary M. Workman is incorporated herein with the same force and effect as if fully set forth herein, and that Workman shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Permanent Injunction.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a Final Judgment forthwith and without further notice.

Dated: __February  27____, 2007

___/s/ Paul Barbadoro_____
Paul J. Barbadoro
UNITED STATES DISTRICT JUDGE


cc:  Counsel of Record

6